IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ferrol D. Williams, ) | Civil Action No.: 4:13-cv-01600-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers.[1] Plaintiff Ferrol D. Williams, brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claims for disability insurance benefits under Title II of the Social Security Act ("the Act"). In his R&R, the Magistrate Judge recommends reversing the decision of the Commissioner and remanding the matter for further administrative action.

### FACTUAL FINDINGS AND PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits on May 7, 2010, alleging a disability as of December 18, 2009. The applications were denied initially and on reconsideration. On November 30, 2010, Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on July 6, 2011, and Plaintiff appeared and testified. A vocational expert also testified. The ALJ issued a decision dated July 19, 2011, finding that Plaintiff was not disabled. The ALJ's overall findings were as follows:

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

 1. The claimant will meet the insured status requirements of the Social Security Act through December 31, 2013.

 2. The claimant has not engaged in substantial gainful activity since December 18, 2009, the alleged onset date (20 CFR 404.1571, *et seq.*).

 3. The claimant has the following severe impairments: lumbar degenerative disc disease with mild anterolisthesis and probable discogenic pain (20 CFR 404.1520(c)).

. . .

 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

. . .

 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to sit 6 hours in an 8-hour day with normal breaks and stand and walk for 6 hours in an 8-hour day with normal breaks.  He can lift 50 pounds occasionally (up to 2/3 of the workday) and 25 pounds frequently (up to 1/3 of the workday).  The claimant can occasionally climb ladders, ropes and scaffolds and perform other postural activities frequently.  Furthermore, the claimant can occasionally operate foot controls with the right lower extremity and occasionally push and pull heavy objects.

. . .

 6. The claimant is capable of performing past relevant work as a shipper/receiver.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

. . .

 7. The claimant has not been under a disability, as defined in the Social Security Act, from December 18, 2009, through the date of this decision (20 CFR 404.1520(g)).

Tr. 13–18.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on April 11, 2013. On June 11, 2013, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 20, 22, 23, and the Magistrate Judge issued his Report and Recommendation ("R&R") on July 31, 2014, recommending that the Commissioner's decision be reversed and remanded, R&R, ECF No. 26. The Commissioner filed timely objections to the R&R on August 8, 2014, Def.'s Objs., ECF No. 28.

**STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the

administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## APPLICABLE LAW

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage

4

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(a). These factors include the claimant's (1) "residual functional capacity," *id.* § 404.1560(a); (2) age, *id.* § 404.1563; (3) education, *id.* § 404.1564; (4) work experience, *id.* § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 404.1566. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 404.1560(c)(1). The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4)

5

whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

## ANALYSIS

The Magistrate Judge recommends reversing the decision of the Commissioner and remanding the matter to the Commissioner for further administrative action. Specifically, the Magistrate Judge reports that the ALJ improperly discounted Plaintiff's testimony that he could not afford medical treatments because Plaintiff indicated that he used tobacco and alcohol. The Magistrate Judge also recommended a consultative exam of Plaintiff in light of the lack of medical opinions concerning the severity of the injuries Plaintiff sustained after being hit by a vehicle and the alleged impairment's impact on his ability to work (i.e., his residual functional capacity). In her objections, the Commissioner contends that it was proper for the ALJ to consider the evidence that Plaintiff could afford to use tobacco and alcohol in discounting Plaintiff's reasons for not seeking further treatment of his injuries and that, regardless, doing so was harmless in light of other evidence in the record. Moreover, the Commissioner argues that the ALJ's finding at step two that Plaintiff's knee and ankle fractures were non-severe was an appropriate finding that was supported by the record.[2]

---

[2] The Commissioner, in her objections, makes no mention of the Magistrate Judge's discussion of the ALJ's decision concerning Plaintiff's back and spinal impairments and the evidence the ALJ relied on to make the relevant residual functional capacity findings. Specifically, the Magistrate Judge reported that the ALJ, in making a determination about Plaintiff's residual functional capacity, relied, in part, on the fact Plaintiff had not received treatment for his back and spinal impairments until January 2011 (*after* the state agency medical consultants rendered their opinions) as a basis for discounting Plaintiff's testimony about the severity of those impairments. Indeed, the ALJ gave great weight to the opinions of the state agency medical consultants, noting that Plaintiff's treating physicians never recommended surgery or limited his activities because of his back condition. Plaintiff, moreover, had never seen a specialist, or received injections or physical therapy for his back condition. The Magistrate Judge, partially because of the lack of the opinions of Plaintiff's *treating physicians* regarding his back and spinal impairments, recommended remand to determine "whether a consultative examination is necessary to obtain a clear picture of Plaintiff's impairments." R&R 10. The Court agrees that a consultative examination would have

The Court finds that the Magistrate Judge's recommendation is proper. Particularly, there is no evidence to support the ALJ's finding that Plaintiff's use of tobacco and alcohol was to a degree that is inconsistent with his statement at the hearing that the reason for his not seeking treatment was because of his financial situation. As the Magistrate Judge notes in the R&R, the only evidence cited by the ALJ of Plaintiff's tobacco and alcohol use are checkmarks on a single form in Plaintiff's medical records. The ALJ failed to develop the record further to support the finding that she ultimately made and to discount Plaintiff's testimony that he could not afford additional treatment. Plaintiff, of course, cannot be penalized for a limited medical history when he cannot afford the treatment in the first place. *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986) (noting that a claimant "may not be penalized for failing to seek treatment she cannot afford"). Accordingly, the Commissioner's objections are overruled. On remand, as the Magistrate Judge recommends, "[i]t is necessary that specific factual findings be made concerning what resources were available to Plaintiff and whether his alleged inability to pay for treatment, diagnostic studies and prescription medications contributed to h[is] failure to seek medical treatment for his various impairments." R&R 10–11. Moreover, because remand is appropriate, the ALJ should make a determination, in light of footnote 2, about "whether a consultative exam is necessary to properly assess the impact of Plaintiff's impairments on his ability to work." R&R 11.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, the Commissioner's objections to the R&R, and applicable law. For the foregoing reasons, the Court respectfully adopts and incorporates the R&R of the Magistrate Judge.

---

been helpful to develop the record, particularly in light of the limited treatment of Plaintiff's back condition (which the ALJ found severe at step two) in the months prior to the hearing and the ALJ's decision; however, a consultative examination with a residual functional capacity assessment need only be deemed necessary by the ALJ upon a *proper* finding that Plaintiff's lack of treatment was the result of his inability to pay.

7

The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein.

  **IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
September 15, 2014